UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL CAWYER, individually and on
behalf of DIMITRI "PETE" CAWYER, a
minor,

                Plaintiffs,

     v.

SEARS, ROEBUCK AND CO.;
HUSQVARNA OUTDOOR PRODUCTS,
INC., FORMERLY ELECTROLUX HOME
PRODUCTS, INC.,

                Defendants.

CASE NO. C06-5391RJB

ORDER RE-NOTING
PLAINTIFF'S FIRST MOTION
TO COMPEL RE: DEFENDANT
HUSQVARNA AND
DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER

This matter comes before the Court on Plaintiff's First Motion to Compel RE:
Defendant Husqvarna (Dkt. 13) and Defendants' Motion for a Protective Order (Dkt. 22). The
Court has considered the pleadings filed in support of and in opposition to the motions and the
remainder of the file herein.

## I. FACTUAL BACKGROUND AND PROCEDURAL BACKGROUND

According to the Amended Complaint, Virgil Cawyer was operating a Sears Craftsmen
lawn tractor in reverse to when the mower made contact with Dimitri "Pete" Cawyer, his paternal
grandson. D kt. 1. As a result, Pete Cawyer suffered injuries to his body and to his left leg and
foot. *Id.* The plaintiff brings suit against Sears Roebuck and Company and Husqvarna Outdoor
Products, Inc. for the following: violation of the Washington Product Liability Act; negligence;

strict liability; Restatement (2d) of Torts, 402A; breach of express warranty; breach of implied warranty; defective design; inadequate warnings; inadequate instructions; misrepresentation and concealment of information; and violation of the Washington Consumer Protection Act. *Id.* at 3.

The discovery deadline in this case is May 21, 2007. Dkt. 9. On February 21, 2007, the plaintiff moved to compel the defendants to fully answer discovery requests. Dkt. 13, 14. The Court re-noted the portion of the motion pertaining to Requests for Production 13, 16, and 18 in order to allow the parties to move for a protective order governing the Project 405 file, the Tracey Walters videotape, and "the 2002 Universal Terms and Conditions document." Dkt. 21 at 6. The defendants have moved for a protective order, and the motion to compel responses to requests for production 13, 16, and 18 is ripe for the Court's review. See Dkt. 22, 13.

The subject of this discovery dispute is the defendant's Project 405 file. According to Husqvarna, the Project 405 fie was compiled over a five or six year period by Tracey Walters, a project engineer for Husqvarna, and contains 2,271 pages of engineering notes, brainstorming notes, drawings, specifications, and other documents used to develop Husqvarna's Reverse Operation System. Dkt. 22 at 2-3. The Reverse Operation System was implemented in August of 2004. Dkt. 19 at 2. The Project 405 file also includes a demonstration video of a proposed design. *Id.* at 2.  The defendants filed, under seal, illustrative exhibits from the Project 405 file and offer to provide the Court with a compact disc containing the entire file. Dkt. 22 at 3 n.1.

## **II. DISCUSSION**

Protective orders are governed by Federal Rule 26, which provides as follows:

Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

. . .

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way;

1   Fed. R. Civ. P. 26(c).

2       Under Washington law, a trade secret is defined as follows:

3       (4) "Trade secret" means information, including a formula, pattern, compilation, program,
    device, method, technique, or process that:
4

5       (a) Derives independent economic value, actual or potential, from not being generally
    known to, and not being readily ascertainable by proper means by, other persons who can
6   obtain economic value from its disclosure or use; and

7
        (b) Is the subject of efforts that are reasonable under the circumstances to maintain its
8   secrecy.

9
    RCW 19.108.010(4).
10
    **A. ENTRY OF PROTECTIVE ORDER**
11
        The plaintiffs object to entry of a protective order on the grounds that the Project 405 file
12
    does not contain trade secrets. First, the plaintiffs contend that the Reverse Operation System is
13
    generally known because it is not materially different from "the 'engine kill' safety features
14
    developed by MTD/Cub Cadet in the 1980s" and "the four (4) position patented console switch
15
    developed by Murray." Dkt. 24 at 5. The defendant concedes that the Reverse Operation System
16
    utilizes a part patented by Murray but contends that the system as a whole was developed by
17
    Husqvarna for its tractors. Dkt. 19 at 2. The plaintiffs acknowledge that the Reverse Operation
18
    System differs from the system patented by Murray because the Reverse Operation System
19
    includes an additional override setting. Dkt. 24 at 5.
20
        Second, the plaintiffs contend that as of January 2003, the Project 405 file did not contain
21
    information pertaining to the Reverse Operation System. Dkt. 24 at 3. The Project 405 file has
22
    grown since 2003, however. Dkt. 19 at 2.
23
        Finally, the plaintiffs contend that certain portions of the Project 405 file were made a
24
    matter of public record in a case pending in Kentucky and should therefore be excluded from
25
    protection. Dkt. 24 at 3. The plaintiffs ask that the Court require the defendants to produce a log
26
    listing documents qualifying as trade secrets.
27
        While some of the Project 405 files justify entry of a protective order, the Court is not yet
28

ORDER
Page 3

1  in a position to determine which documents are deserving of such protection and is unwilling to

2  issue a blanket protective order governing the entire Project 405 file.

3  **B. TERMS OF PROPOSED PROTECTIVE ORDER**

4         The proposed protective order submitted in this case is deficient in the following respects.

5  First, the request is too broad. The proposed protective order is not limited to the Project 405 file,

6  and the terms of the order give discretion to the parties to designate documents subject to the

7  protective order. *See* Dkt. 22-2, Exh. A. at 2-3. Any request for a protective order to be entered

8  by the Court must be narrowly drawn, clearly identifying the class or type of documents subject to

9  the protective order and the reason underlying the request for the order.

10         Second, the proposed order provides for the filing of documents under seal without a

11  motion to the Court. Dkt. 22 at 3. Each time that the parties propose to file documents under

12  seal, they should file a motion and make "a compelling showing." *See* Local Rule CR 5(g).

13         Third, the proposed order provides that confidential documents and copies thereof must

14  be returned. Dkt. 22-2, Exh. A at 6. This provision does not contain an exception for documents

15  filed with the Court.

16         Finally, the order must contain a provision that the Court may change the terms of the

17  protective order on its own motion after notice to the parties and an opportunity to be heard. The

18  parties may, of course, agree on confidentiality among themselves, but when the parties request

19  the involvement of the Court, the parties must make the requisite showing.

20  **C. PLAINTIFFS' OBJECTIONS**

21         The plaintiffs contend that if the Court determines that a protective order is warranted, the

22  Court should decline to include certain portions of the defendants' proposed protective order.

23         First, the plaintiffs urge the Court to exclude provisions prohibiting retention of

24  documents at the conclusion of the litigation. Dkt. 24 at 6. The plaintiffs contend that the Court

25  should protect documents in the Project 405 file from the defendants' document destruction

26  policies. Dkt. 24 at 6. The plaintiffs cite an opinion from the Circuit Court of Cook County,

27  Illinois, in which the court concluded that Sears has a retention policy that prevents discovery.

28  Dkt. 24 at 7. The lawfulness and efficacy of Husqvarna's document retention policy is not an

1   issue before the Court.

2        Second, the plaintiffs object to provisions of the proposed protective order regarding

3   disclosure of work product. Dkt. 24 at 6. The proposed protective order allows for disclosure of

4   work product containing information in or derived from the Project 405 file to several classes of

5   people who may be associated with this action. *See* Dkt. 22-2, Exh. A at 3-4. The plaintiffs have

6   not demonstrated that the proposed protective order is overly restrictive in this regard.

7        Third, the plaintiffs urge the Court to remove language from the proposed protective

8   order regarding sealing or extinguishing "attorney work product created from the Project 405

9   file." Dkt. 24 at 9. The proposed protective order is limited to potential work product "relating"

10  to confidential materials and should instead be limited to materials derived from the Project 405

11  file.

12       Fourth, the plaintiffs contend that the proposed protective order should not prohibit

13  plaintiffs' counsel from "verifying the completeness of the documents with other attorneys

14  involved in NMIR litigation with these same Defendants' attorneys." Dkt. 24 at 10. The plaintiffs

15  offer a protective order governing the Project 405 file in a different case and ask that the Court

16  take a similar approach. While the proposed protective order does not explicitly provide for such

17  verification efforts, it does allow for disclosure to experts and consultants. *See* Dkt. 22-2, Exh. at

18  4. The proposed protective order is not overly restrictive in this regard.

19       Finally, the plaintiffs ask that any protective order not restrict the use of documents

20  contained in the Project 405 file in connection with pre-trial motions or publishing documents to

21  the jury at the trial of this case. The proposed protective order does not appear to have such an

22  effect, but the Court notes that whether documents may be published to the jury is an issue not yet

23  before the Court.

24  **D. SURREPLY**

25       On April 11, 2007, plaintiffs' counsel filed a declaration opposing the defendants' reply.

26  Dkt. 27. The declaration contains a list of state and federal cases. *See id.* This document, filed

27  after the motion noting date, fails to comply with Local Rule CR 7(g) and has not been

28  considered.

ORDER
Page 5

1  **E. CONCLUSION**

2        The defendants have demonstrated that a protective order is warranted to protect trade

3  secrets contained in the Project 405 file, but the Court is not yet able to determine which of the

4  Project 405 file documents contain trade secrets. The defendants must demonstrate good cause

5  for justifying protection of each document to be governed by a protective order. The Court

6  should therefore re-note Defendants' Motion for a Protective Order (Dkt. 22) and  Plaintiff's First

7  Motion to Compel RE: Defendant Husqvarna (Dkt. 13) to allow for supplemental briefing as to

8  which documents in the Project 405 file should be protected. In light of the upcoming discovery

9  deadline, the parties are encouraged to work together to come to an agreement on the pending

10  motions.

11                                    **III. ORDER**

12        Therefore, it is hereby

13        **ORDERED** that Plaintiff's First Motion to Compel RE: Defendant Husqvarna (Dkt. 13)

14  and Defendants' Motion for a Protective Order (Dkt. 22) are **RE-NOTED** for consideration on

15  May 4, 2007. The parties may supplement their briefing as follows: the defendants' brief is due

16  April 23, 2007; the response is due April 30, 2007; the reply is due May 4, 2007.

17        The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel

18  of record and to any party appearing *pro se* at said party's last known address.

19        DATED this 16th day of April, 2007.

20

21

22        Robert J. Bryan
          United States District Judge

ORDER
Page 6