UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

D.C., a minor, by and through DEBORAH M. NELSON, litigation guardian ad litem,

Plaintiff,

v.

SEARS, ROEBUCK AND CO.; HUSQVARNA OUTDOOR PRODUCTS, INC., FORMERLY ELECTROLUX HOME PRODUCTS, INC.,

Defendants.

CASE NO. C06-5391RJB

ORDER DENYING DEFENDANT'S MOTION TO SEAL EXHIBIT F TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court upon the Defendants' Motion to Seal Exhibit "F" to Plaintiff's Response to Defendants' Motion for Summary Judgment. Dkt. 73. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The minor Plaintiff, D.C., was injured on April 10, 2004, by a lawn tractor operated in reverse by his grandfather. Dkt. 73 at 2. Plaintiff alleges that the lawn tractor manufactured and sold by the Defendants was defectively designed and marketed because it did not include a No Mow in Reverse child backover safety feature to prevent the tractor from operating in reverse while the blades rotate. *Id.*

On April 26, 2007, Husqvarna produced an engineering project file, "Project 405," subject to a Court-authorized and agreed-upon protective order (Dkt. 35). In addition, on May 25, 2007,

1 Plaintiff deposed Tracy Walters, the head engineer on Project 405.

2      On June 19, 2007, Defendants filed a Motion for Summary Judgment. Dkt. 53. On July 16, 2007, Plaintiff filed a response to the summary judgment and attached both documents from the "Project 405" file and portions of the Deposition of Tracey Walters ("Ms. Walters' deposition"). Dkt. 66. On July 18, 2007, the Court issued a Minute Order stating that the parties were required to file a motion to seal and make the showing required by Local Rule 5(g) each time they propose to file documents under seal. Dkt. 68. On August 2, 2007, Defendants filed this motion to seal the exhibits attached to Plaintiff's response. Dkt. 73. Specifically, Defendants seek an order sealing pages 172, 186-88, and 190-194 of Ms. Walters' deposition and Exhibits 54, 55, 63, 67, 76, and 82 to the deposition ("the documents in question"). Dkt. 73 at 1.

## **II. DISCUSSION**

The Supreme Court acknowledged the existence of a common law right of access to records in civil proceedings: "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). The right is not absolute and the protection of trade secrets is a compelling reason for sealing documents from public disclosure. *See Hagestad v. Oregon State Bar*, 49 F.3d 1430, 1434 (9th Cir. 1995). However, the district court must articulate the factual basis for its ruling, without relying on hypothesis or conjecture. *Id.* Defendants argue that the documents in question are trade secrets and the Court should seal them from public disclosure. Dkt. 73 at 4-5.

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). RCW § 19.108.010(4) defines a trade secret as "information, including a formula, pattern, compilation, program, device, method, technique or process that:

    (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

ORDER
Page 2

(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Further, Washington trade secret law protects "the author's very ideas if they possess some novelty and are undisclosed or disclosed only on the basis of confidentiality." *Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 49 (1987). Finally, a trade secret may contain elements that are in the public domain as long as, taken as a whole, the information compilation is unavailable elsewhere. *Id*. at 49-50.

**A. Exhibits**

Defendants argue that Exhibits 54, 55, 63, 67, 76, and 82 to Ms. Walters' deposition should be sealed because they are trade secrets. Dkt. 73. Plaintiffs counter that the exhibits are not trade secrets because they became a matter of public record when they were introduced in *McNay, et al. v. Electrolux, et al.*, Cause No. 02-CI-00881, Common Wealth of Kentucky, Laurel Circuit court, Division II. Dkt. 74 at 4. Defendant does not argue that these exhibits are not a matter of public record. Dkt. 75. Instead, Defendant argues that the fact the documents may be in the public domain "does not abolish their trade secret status" due to the protective order entered in this matter. *Id.* This argument fails because the Court did not order that all documents within the Project 405 file were trade secrets. *See* Dkt. 35 (Protective Order).

In the Protective Order, the Court stated that "[p]rotected documents shall not include ...documents that have submitted to any government entity without request for confidential treatment." *Id.* at 2, ll. 18-20. The Circuit Court in the Common Wealth of Kentucky is certainly a government entity. Moreover, Defendants did not argue that the documents were produced in that court with a request for confidential treatment. Thus, the Defendants carry the burden to articulate a factual basis for this Court to seal documents already of public record. *See Hagestad*, 49 F.3d at 1434.

ORDER
Page 3

1    Defendants argue that the "Project 405 file is a compilation that includes engineering
2 notes, brainstorming notes, drawings, specifications, a demonstration video of a proposed design,
3 discussions with part manufacturers, price quotes, research of other designs in the industry, as
4 well as various other documents utilized in developing the [Reverse Operation System]." Dkt. 75
5 at 3. Even if the Project 405 file is a trade secret in its entirety, Defendants do not articulate a
6 factual basis that the documents in question are unavailable elsewhere. *See* Dkt 73; Dkt 75.
7 Instead, Defendants argue that the blanket protection of a trade secret compilation should apply
8 to the particular documents in questions. *Id.*
9    Defendants have not met their burden to show that the exhibits produced by the Plaintiffs
10 are trade secrets. The Court should not grant the Defendants' motion to seal the exhibits.

## B. Ms. Walters' Deposition

13    Defendants argue that Ms. Walters' deposition relating to the Project 405 file should be
14 sealed because it is a trade secret. Dkt. 73. In the deposition, Ms. Walters states that she was
15 given an engineering project for a no mow system that was already on the market and in the
16 public domain. *See* Ms. Walters deposition at 172, 186. In addition, Ms. Walters states that she
17 examined the competitors mowers and determined the price of the parts necessary to construct
18 the no mow system. *Id.* at 187-194. Defendants claim that the release of this information will
19 result in economic harm to its business. Dkt. 73. However, beyond the hypothetical claim of
20 economic harm, Defendants do not articulate a factual basis that the in-depth evaluation of
21 products sold to the public should be considered trade secrets. *See* Dkt. 73; Dkt. 75.
22    The Court should decline to grant Defendants' motion to seal the requested portions of
23 Ms. Walters' deposition.
24 ///
25 ///
26 ///
27 ///
28 ///

ORDER
Page 4

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Seal Exhibit "F" to Plaintiff's Response to Defendants' Motion for Summary Judgment (Dkt. 73) is **DENIED.**

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 7th day of September, 2007.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge